UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALLAWAY GOLF COMPANY, a Delaware Corporation,<br><br>                    Plaintiff,<br>       v.<br>KING SPORTS, INC., a Georgia Corporation; AT GOLF, an unknown business entity d/b/a AT GOLF INC.; KEVIN CHANG, an individual; M&M GOLF, INC., an Alabama corporation, and DOES 1-50,<br><br>                    Defendants. | Civil No.   07cv2003-L (POR)<br><br>**ORDER REGARDING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

On March 19, 2008, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Kenneth Parker, Esq. appeared on behalf of Plaintiff, and Gregory Kane, Esq. appeared on behalf of Defendant King Sports Inc.  Based on the representation of counsel, the issues in this case, and good cause appearing, the Court finds the application of the Local Patent Rules inappropriate to this case.  Accordingly, IT IS HEREBY ORDERED:

   1.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **April 28, 2008**.

   2.   A Mandatory Settlement Conference shall be conducted on **May 23, 2008,** at **10:00 a.m.**, in the chambers of the Honorable Judge Louisa S. Porter.  Counsel shall lodge <u>confidential</u> settlement statements, if any, <u>directly</u> with the chambers of Judge Porter via email to **efile_porter@casd.uscourts.gov** on or before **May 19, 2008**.  The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out

1  issues of liability and damages, including any settlement demands and offers to date and addressing
2  special and general damages where applicable.  The settlement statements **shall not** be filed with the
3  Clerk of the Court.

4  All parties and claims adjusters for insured defendants and representatives with complete
5  authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the
6  litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the
7  mandatory settlement conference.  All conference discussions will be informal, off the record,
8  privileged and confidential.

9  Mandatory settlement conferences shall not be rescheduled without a showing of good cause
10  and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
11  the Court at least ten (10) days prior to the conference.  Absent exceptional circumstances, the Court
12  will not reschedule this conference with less than ten (10) days notice.  <u>Only in extreme
13  circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours
14  notice.</u>

15  3.  On or before **June 20, 2008**, all parties shall exchange with all other parties a list of
16  all expert witnesses expected to be called at trial.  The list shall include the name, address, and
17  phone number of the expert and a brief statement identifying the subject areas as to which the expert
18  is expected to testify.  The list shall also include the normal rates the expert charges for deposition
19  and trial testimony.  On or before **July 3, 2008**, any party may supplement its designation in
20  response to any other party's designation so long as that party has not previously retained an expert
21  to testify on that subject.

22  4.  Each expert witness designated by a party shall prepare a written report to be
23  provided to all other parties no later than **September 5, 2008**, containing the information required by
24  Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

25  *Except as specifically provided below, any party that fails to make these disclosures shall*
26  *<u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any*
27  *hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal*
28  *Rule of Civil Procedure 37(c).*

5. Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **September 26, 2008**.

6. Non-expert discovery shall be completed on or before **August 1, 2008**. Expert discovery shall be completed on or before **October 31, 2008**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

7. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **December 1, 2008**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be **up to three months**. Please plan accordingly.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to

abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

8. Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6)(b).

9. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **March 16, 2009**. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

10. Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **March 23, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **March 30, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

12. The final pretrial conference shall be held before the **Honorable M. James Lorenz**, United States District Court Judge, on **April 6, 2009**, at **11:00 a.m**.

13. The dates and times set forth herein will not be further modified except for good cause shown.

14. Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

DATED: March 20, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable M. James Lorenz
All parties