1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   CALLAWAY GOLF COMPANY, a            )    Civil No. 07cv2003-L(POR)
     Delaware corporation,               )
12                                       )    **ORDER DISMISSING**
                         Plaintiff,      )    **DEFENDANTS AT GOLF AND**
13                                       )    **KEVIN CHANG ON THE**
     v.                                  )    **STIPULATED TERMS AND**
14                                       )    **DENYING IN PART JOINT**
     KING SPORTS, INC., a Georgia        )    **MOTION FOR A PARTIAL**
15   corporation, *et al.*               )    **JUDGMENT**
                                         )
16                       Defendants.     )
                                         )
17   _____

18         On April 24, 2008, Plaintiff and Defendants AT Golf and Kevin Chang filed a Joint

19   Motion for Permanent Injunction Based on Stipulation After Settlement ("Joint Motion" and

20   "Stipulation," respectively).  For the reasons which follow, the Joint Motion is **GRANTED IN**

21   **PART AND DENIED IN PART**.

22         In this patent and trademark infringement, breach of contract, and business tort action,

23   Plaintiff and Defendants AT Golf and Kevin Chang entered into a settlement agreement and

24   Stipulation.  The parties stipulated to certain findings of fact, a permanent injunction against AT

25   Golf and Kevin Chang, and entry of a final judgment.  Although these parties have settled their

26   dispute, the case continues against Defendants King Sports, Inc. and M&M Golf, Inc. who are

27   not parties to the Stipulation.

28   / / / / /

1      Federal Rule of Civil Procedure 54(b) provides in pertinent part:

2          Judgment on Multiple Claims or Involving Multiple Parties.  When an action
           presents more than one claim relief . . . or when multiple parties are involved, the
3          court may direct entry of a final judgment as to one or more, but fewer than all,
           claims or parties only if the court expressly determines that there is no just reason
4          for delay.  . . .

5   The power to enter partial final judgment "is largely discretionary, to be exercised in light of

6   judicial administrative interests as well as the equities involved, and giving due weight to the

7   historic federal policy against piecemeal appeals."  *Reiter v. Cooper*, 507 U.S. 258, 265

8   (1993)(citations and quotation marks omitted).  In *Morrison-Knudsen Co., Inc. v. Archer*, the

9   Ninth Circuit elaborated on the requirements of Rule 54(b):

10         Judgments under Rule 54(b) must be reserved for the unusual case in which the
           costs and risks of multiplying the number of proceedings and of overcrowding the
11         appellate docket are outbalanced by pressing needs of the litigants for an early and
           separate judgment as to some claims or parties.  The trial court should not direct
12         entry of judgment under Rule 54(b) unless it has made specific findings setting
           forth the reasons for its order.  Those findings should include a determination
13         whether, upon any review of the judgment entered under the rule, the appellate
           court will be required to address legal or factual issues that are similar to those
14         contained in the claims still pending before the trial court.  A similarity of legal or
           factual issues will weigh heavily against entry of judgment under the rule, and in
15         such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh
           and unjust result, documented by further and specific findings.
16

17  655 F.2d 962, 965 (9th Cir. 1981).

18         The parties stipulated, without elaborating, that "there is no just reason for delay in

19  entering a final judgment."  This is insufficient for the court to make the necessary specific

20  findings outlined in *Morrison-Knudsen*.

21         Accordingly, **IT IS HEREBY ORDERED** as follows:

22         1.  The parties' request for entry of final judgment is **DENIED WITHOUT**

23  **PREJUDICE** to incorporating the terms of their Stipulation into the final judgment at the

24  conclusion of the case in its entirety.

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

07cv2003

1    2.  All claims asserted against Defendants AT Golf and Kevin Chang are hereby

2  **DISMISSED WITH PREJUDICE** on the terms specified in the Stipulation filed April 24,

3  2008 and in the parties' settlement agreement.

4        **IT IS SO ORDERED**.

5

6  DATED:  May 5, 2008

7        _____

8        M. James Lorenz
         United States District Court Judge

   COPY TO:

9
   HON. LOUISA S. PORTER.
10 UNITED STATES MAGISTRATE JUDGE

11 ALL PARTIES/COUNSEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28