Kenneth G. Parker (SBN 182911)
  kparker@tlpfirm.com
Robert G. Loewy (SBN 179868)
  rloewy@tlpfirm.com
TEUTON, LOEWY & PARKER, LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone:    (949) 442-7100
Facsimile:    (949) 442-7105

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALLAWAY GOLF COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>KING SPORTS, INC., a Georgia corporation; AT GOLF, an unknown business entity d/b/a AT GOLF INC.; KEVIN CHANG, an individual; M&M GOLF, INC., an Alabama corporation, and DOES 1-50,<br><br>        Defendants. | Case No. 07-CV-2003 L (POR)<br><br>STIPULATION FOR ENTRY OF FINAL JUDGMENT, PERMANENT INJUNCTION AND ORDER THEREON AS TO KING SPORTS, INC. |

STIPULATION FOR ENTRY OF JUDGMENT

Plaintiff Callaway Golf Company, (hereafter "Callaway Golf") and defendant King Sports, Inc. (hereafter "Defendant") (collectively "the Parties"), have read this stipulation and hereby stipulate, consent, and agree to entry of a Final Judgment, Permanent Injunction And Order Thereon ("Final Judgment") that states as follows:

IT IS ORDERED, ADJUDGED, AND DECREED:

1.  Defendant acknowledges and agrees to the following findings of fact:

(a) This court has personal jurisdiction over Defendant and jurisdiction over the subject matter of this action.  Further, the court has continuing jurisdiction for purposes of any proceeding or other enforcement actions stemming from this action;

(b) Callaway Golf is the exclusive owner of:

   (i)  United States Patent No. 7,083,531 ("the '531 Patent") and United States Design Patents D498,277, D507,816 and D537,894 (the "Design Patents") with full statutory and equitable rights thereof, including but not limited to rights of enforcement for infringement relief and damages thereto;

   (ii) United States Trademark Registration Nos. 1,918,107 and 2,180,013 (the "Chevron Mark"), with full statutory and equitable rights thereof, including but not limited to rights of enforcement for infringement relief and damages thereto;

(c) The '531 Patent, Design Patents and Chevron Mark are collectively referred to in this order as the "Callaway Golf Patents and Trademarks."

(d) Defendant are not, and were not during the time of Defendant' alleged infringement, authorized licensees under the Callaway Golf Patents and Trademarks, or any other intellectual property of Callaway Golf;

(e) Without Callaway Golf's authorization or consent, Defendant have been making, importing, using, selling, and/or offering for sale products that Callaway Golf alleges infringe the Callaway Golf Patents and Trademarks, including by selling or

offering for sale one or more of the "Turbo Power Big Balance Iron," "Turbo Power Action Wide Sole Iron," "Turbo Power Big Bounce 460 Driver," "Turbo Power Big Balance 460 Driver," "APi Driver," and "TPi Driver," depicted in exhibits to the complaint file in this action ("the Accused Products") and that Callaway Golf alleges incorporates the design features of, and resemble the trade dress of, Callaway Golf® Big Bertha® 2006 iron, Callaway Golf® Fusion® Wide Sole iron, Callaway Golf® Big Bertha® 460 driver and Callaway Golf® Fusion® FT-i™ driver.

(f) The above actions by Defendant have caused irreparable harm to Callaway Golf and would continue to cause irreparable harm to Callaway Golf if such actions were to continue; and

(g) The Callaway Golf Patents and Trademarks are valid and enforceable.

2. Defendant expressly stipulates, consents and agrees to the entry of this Final Judgment and Defendant, its affiliates, subsidiaries, divisions, officers, agents, servants, employees, and all persons controlled by Defendant, or acting in concert or participation with Defendant, shall be permanently enjoined and restrained from the following activities:

(a) Manufacturing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing, incorporating in advertising or marketing or otherwise distributing or disposing of any of the Accused Products;

(b) Manufacturing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing, incorporating in advertising or marketing or otherwise distributing or disposing of any product that infringes any of the Callaway Golf Patents and Trademarks, any other trademarks, copyrights or patents owned by Callaway Golf;

(c) Manufacturing any product with features confusingly similar to the trade dress of any of Callaway Golf's golf clubs;

  (d) Otherwise infringing any intellectual property owned by Callaway Golf;

  (e) Stating or representing in any in any way to any person that Callaway Golf or any Callaway Golf subsidiary or affiliate has "approved" any product or that the Defendant is allowed or "approved" by Callaway Golf or any Callaway Golf subsidiary or affiliate to sell any particular product;

  (f) Attempting, assisting, or aiding any other person or entity in performing any of the activities referred to above; or

  (g) Making any false, inaccurate or misleading statements or representations about its products and/or any products manufactured, produced, distributed, circulated, sold, offered for sale, imported, exported, advertised, promoted, displayed, shipped, marketed, or incorporated in advertising or marketing by Callaway Golf, its subsidiaries, licensees or affiliates.

  3. In the event that Defendant violates the terms of this Final Judgment, Callaway Golf shall have all of its legal and equitable rights and remedies including, without limitation, the right to enforce the permanent injunction, the right to collect damages for patent infringement and to assert a claim of willful infringement, including for its attorneys' fees under 35 U.S.C. § 285 or treble damages under 28 U.S.C. § 1117, and to bring an action for additional damages it suffers as a result of the breach of this Final Judgment. In addition, Callaway Golf shall be reimbursed by Defendant for all reasonable attorneys' fees, costs and expenses incurred by Callaway Golf in any successful action against Defendant for a breach of this Final Judgment, including, but not limited to, actual attorneys' fees for the services rendered to Callaway Golf in this action prior to entry of this Final Judgment, and may receive liquidated damages as contemplated in the Settlement Agreement between the Parties and Section 4 below.

4.   Defendant agrees that it will be difficult or impossible for Callaway Golf to calculate damages resulting from violations of paragraph 2 above.  In the event Callaway Golf initiates any legal proceeding or action for violation of Paragraph 2 above and prevails in such an action, the violating Defendant agrees to pay to Callaway Golf liquidated damages as provided for in the settlement agreement executed by the parties, and subject to all the terms contained in the settlement agreement between the parties.  The exact amount of losses to Callaway Golf from the sale of infringing products that proceeded and which could result from a violation of this Agreement are at present not entirely certain and would be difficult to ascertain, and the parties specifically acknowledge that this sum constitutes a reasonable estimate, given the information available today, of the profits potentially earned from infringing activities, trebled or otherwise enhanced pursuant to the intellectual property laws of the United States, and that such a sum constitutes a reasonable award in the event of a violation, and is not a penalty.  Nothing in this Paragraph shall be deemed to prevent Callaway Golf from proving and recovering actual damages where ascertainable.

5.   If the provisions of paragraph 4 above are deemed unenforceable for any reason, the Parties agree that Callaway Golf shall have no adequate remedy at law for a breach of any of the provisions of paragraph 2 above by Defendant, and that any such breach will cause irreparable harm to Callaway Golf.  Therefore, Callaway Golf is entitled to equitable relief in addition to any remedy at law in the event that the provisions of paragraph 4 are deemed unenforceable.  Nothing in this paragraph or paragraph 5 above shall be interpreted to preclude Callaway Golf from demonstrating, at any stage in any proceeding, that it has no adequate remedy at law.

6.   This Court shall have and retain continuing jurisdiction over the Parties and subject matter hereof to enforce this Final Judgment.

7. Defendant shall deliver to Callaway Golf any and all Accused Products and any and all products that infringe Callaway Golf's patents, trademarks or copyrights, whether issued now or in the future, which are now in Defendant's possession, custody or control. Defendant has a continuing obligation to and will promptly turn over to Callaway Golf any such products or products that are otherwise prohibited to Defendant by this Final Judgment that may in the future come into Defendant's possession, custody or control.

8. Callaway Golf may contact agents, resellers and distributors of the Accused Products for purposes of enforcing this judgment and Callaway Golf's intellectual property rights.

9. Except as otherwise expressly noted in this Final Judgment or the settlement agreement between the parties, Callaway Golf and Defendant, as between themselves, shall each bear their own costs and expenses, including any and all attorneys' fees, in connection with the above captioned lawsuit.

10. Service by mail addressed to 1115 Cobb Pkwy S., Marietta, GA 30060 shall be sufficient notice under Federal Rules of Civil Procedure Rule 65 to the Parties referred to herein as Defendant. Defendant further consents, stipulates and agrees to the entry of this Final Judgment, which provides that it shall not be necessary for them or their affiliates to sign any form of acknowledgment of service.

11. In the event any notice is required under this Judgment or either party initiates any action arising from or related to this judgment, notice shall be provided by overnight delivery (no signature required) to the addresses noted below unless, before such notice, the party to be noticed has informed the noticing party of a new domestic,

United States mailing address (other than a P.O. Box or other box number), in which case the new address shall be used.  Notice given pursuant to this paragraph shall be deemed effective on the day of scheduled delivery regardless of whether delivery was successful.  However, if a noticing party learns of unsuccessful delivery, it shall, within one business day, re-send notice by first class mail or facsimile to all addresses and facsimile numbers of the noticed party which the noticing party is aware of or, through reasonable diligence, can obtain.

**Notice Addresses:**

**For Callaway Golf Company:**

Callaway Golf Company

2180 Rutherford Road

Carlsbad, CA  92009

Attn:  General Counsel or Chief Legal Officer

**With copies to:**

Teuton, Loewy & Parker LLP

3121 Michelson Drive, Suite 250

Irvine, CA 92612

Attn:  Kenneth G. Parker

**For Defendant:**

King Sports, Inc.

1115 Cobb Pkwy S.

Marietta, GA 30060

STIPULATION FOR ENTRY OF JUDGMENT

1     12. There is no just reason for delay of entering a final judgment and permanent injunction and pursuant to Federal Rule of Civil Procedure 54(a), upon good cause shown, the Court enters this Final Judgment.

    THE PARTIES APPROVE THE ABOVE AS TO FORM AND CONTENT AND CONSENT TO THE ENTRY OF THIS JUDGMENT AND INJUNCTION, AS WELL AS THE SUBMISSION OF A FINAL JUDGMENT IN THIS FORM FOR ENTRY BY THE COURT:

Dated: July 11, 2008 ~~June 16, 2008~~

TEUTON, LOEWY & PARKER LLP  
KENNETH G. PARKER  
ROBERT G. LOEWY

By: /s/ Kenneth G. Parker  
Kenneth G. Parker  
Attorneys for Plaintiff  
CALLAWAY GOLF COMPANY

Dated: June 16, 2008

SHIFFLET, KANE & KONOSKE, LLP  
GREGORY P. KONOSKE

By: [signature]  
Gregory P. Konoske  
Attorneys for Defendant  
KING SPORTS, INC.

STIPULATION FOR ENTRY OF JUDGMENT

-7-