1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA
10
11  CALLAWAY GOLF COMPANY, a            )    Civil No. 07cv2003-L(POR)
    Delaware corporation,               )
12                                      )    **ORDER DISMISSING DEFENDANT**
                        Plaintiff,      )    **KING SPORTS, INC. ON THE**
13                                      )    **STIPULATED TERMS AND**
    v.                                  )    **DENYING IN PART JOINT**
14                                      )    **MOTION**
    KING SPORTS, INC., a Georgia        )
15  corporation, *et al*.               )
                                        )
16                      Defendants.     )
                                        )
17  ─────────────────────────────────
18          On July 11, 2008, Plaintiff and Defendant King Sports, Inc. ("King Sports") filed a
19  Stipulation for Entry of Final Judgment, Permanent Injunction and Order Thereon as to King
20  Sports, Inc. ("Joint Motion").  For the reasons which follow, the Joint Motion is **GRANTED IN**
21  **PART AND DENIED IN PART**.
22          In this patent and trademark infringement, breach of contract, and business tort action,
23  Plaintiff and Defendant King Sports entered into a settlement agreement.  The parties stipulated
24  to certain findings of fact, a permanent injunction against King Sports, and entry of a final
25  judgment.  A similar settlement agreement was entered into between Plaintiff and Defendants
26  AT Golf and Kevin Chang.  (*See* Order filed May 5, 2008.)  Although these parties have settled
27  their dispute, the case continues against Defendant M&M Golf, Inc. who  is not a party to either
28  settlement.

1    Federal Rule of Civil Procedure 54(b) provides in pertinent part:

2    Judgment on Multiple Claims or Involving Multiple Parties.  When an action
     presents more than one claim relief . . . or when multiple parties are involved, the
3    court may direct entry of a final judgment as to one or more, but fewer than all,
     claims or parties only if the court expressly determines that there is no just reason
4    for delay.  . . .

5    The power to enter partial final judgment "is largely discretionary, to be exercised in light of

6    judicial administrative interests as well as the equities involved, and giving due weight to the

7    historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265

8    (1993)(citations and quotation marks omitted).  In *Morrison-Knudsen Co., Inc. v. Archer*, the

9    Ninth Circuit elaborated on the requirements of Rule 54(b):

10   Judgments under Rule 54(b) must be reserved for the unusual case in which the
     costs and risks of multiplying the number of proceedings and of overcrowding the
11   appellate docket are outbalanced by pressing needs of the litigants for an early and
     separate judgment as to some claims or parties.  The trial court should not direct
12   entry of judgment under Rule 54(b) unless it has made specific findings setting
     forth the reasons for its order.  Those findings should include a determination
13   whether, upon any review of the judgment entered under the rule, the appellate
     court will be required to address legal or factual issues that are similar to those
14   contained in the claims still pending before the trial court.  A similarity of legal or
     factual issues will weigh heavily against entry of judgment under the rule, and in
15   such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh
     and unjust result, documented by further and specific findings.
16

17   655 F.2d 962, 965 (9th Cir. 1981).

18        The parties stipulated, without elaborating, that "there is no just reason for delay in

19   entering a final judgment."  This is insufficient for the court to make the necessary specific

20   findings outlined in *Morrison-Knudsen*.

21        Accordingly, **IT IS HEREBY ORDERED** as follows:

22        1.  The parties' request for entry of final judgment is **DENIED WITHOUT**

23   **PREJUDICE** to incorporating the terms of their settlement into the final judgment at the

24   conclusion of the case in its entirety.

25   / / / / /

26   / / / / /

27   / / / / /

28   / / / / /

07cv2003

2.  All claims asserted against Defendant King Sports, Inc. are hereby **DISMISSED**

**WITH PREJUDICE** on the terms specified in the Joint Motion filed July 11, 2008 and in the

parties' settlement agreement.

**IT IS SO ORDERED**.


DATED:  July 15, 2008

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

07cv2003