UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALLAWAY GOLF COMPANY, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KING SPORTS, INC., a Georgia corporation, *et al*.<br><br>　　　　　　　Defendants. | Civil No. 07cv2003-L(POR)<br><br>**ORDER DISMISSING DEFENDANT M&M GOLF, INC. ON THE STIPULATED TERMS AND DENYING IN PART JOINT MOTION** |

On July 28, 2008, Plaintiff and Defendant M&M Golf, Inc. ("M&M") filed a Joint Motion and Stipulation Regarding Final Judgment, Permanent Injunction and Order Thereon – M&M Golf, Inc. and Callaway Golf Company ("Joint Motion"). For the reasons which follow, the Joint Motion is **GRANTED IN PART AND DENIED IN PART**.

In this patent and trademark infringement, breach of contract, and business tort action, Plaintiff and Defendant M&M entered into a settlement agreement. The parties stipulated to certain findings of fact, a permanent injunction against M&M, and entry of a final judgment. A similar settlement agreement was entered into between Plaintiff and Defendants AT Golf and Kevin Chang (*see* Order filed May 5, 2008) and between Plaintiff and King Sports, Inc. (*see* Order filed July 15, 2008). Although Plaintiff has now settled its dispute with all named Defendants, it appears that it intends to add two additional defendants to the action. (*See* Joint

Motion and Stipulation Regarding Final Judgment, Permanent Injunction and Order Thereon – AMPRINS Golf, Inc., Prins Chang and Callaway Golf Company filed Jul. 28, 2008 and order filed concurrently herewith.) To give Plaintiff the opportunity to amend complaint and add additional party defendants, the court declines at this time to enter final judgment.

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

The power to enter partial final judgment "is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993)(citations and quotation marks omitted). In *Morrison-Knudsen Co., Inc. v. Archer*, the Ninth Circuit elaborated on the requirements of Rule 54(b):

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

655 F.2d 962, 965 (9th Cir. 1981).

The parties stipulated, without elaborating, that "there is no just reason for delay in entering a final judgment." This is insufficient for the court to make the necessary specific findings outlined in *Morrison-Knudsen*.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The parties' request for entry of final judgment is **DENIED WITHOUT PREJUDICE** to incorporating the terms of their settlement into the final judgment at the conclusion of the case in its entirety.

2.  All claims asserted against Defendant M&M are hereby **DISMISSED WITH PREJUDICE** on the terms specified in the Joint Motion filed July 28, 2008 and in the parties' settlement agreement.

3.  The case shall remain open for seven calendar days after the date this order is stamped filed to allow Plaintiff an opportunity to amend the complaint and name additional defendants.

**IT IS SO ORDERED**.

DATED: August 4, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL